[621 NYS2d 300]

In the Matter of BRETT K. LURIE (Admitted as BRETT KIMMEL LURIE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1995

#### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mark M. Baker* of counsel *(Brafman, Gilbert & Ross, P. C.),* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Brett Kimmel Lurie was admitted to the practice of law in the Third Department on June 20, 1983 and at all times relevant to the proceedings herein maintained an office within this Department.

On or about July 5, 1994 the respondent was found guilty, after a jury trial in the Supreme Court, New York County, of eight counts of scheme to defraud in the first degree, nine counts of real estate securities fraud, three counts of grand larceny in the second degree, three counts of grand larceny in the third degree and one count of offering a false instrument for filing in the first degree. Respondent's conviction arose out of his participation in the sale of cooperative interests in several different buildings, in connection with which he made false representations and concealed material facts including necessary information about the financial status of the buildings. The Departmental Disciplinary Committee, by petition dated September 20, 1994, has moved for an order striking the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that the respondent was automatically disbarred upon his conviction of a felony as defined by section 90 (4) (e). Pursuant to Judiciary Law § 90 (4) (a) respondent ceased to be an attorney and counselor-at-law or to be competent to practice as such, upon his conviction of a felony. There is no question that the crimes of scheme to defraud in the first degree, Grand Larceny in the second and third degrees and offering a false instrument for filing in the first degree are all felonies. The facts that the respondent has not yet been sentenced and that there may be a motion to set aside the verdict, do not serve as impediments to the Committee's petition. For the purposes of disbarment, a conviction occurs at the time of plea or verdict (see, Matter of Kourland, 172 AD2d 77; Matter of David, 145 AD2d 150).

We find no compelling reason to delay completion of the disbarment process. If the respondent's motion to set aside the verdict is granted, the respondent may petition this Court pursuant to Judiciary Law § 90 (5) to vacate the order of disbarment.

Accordingly, the motion of the Departmental Disciplinary Committee is granted and the respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

MURPHY, P. J., ROSENBERGER, ROSS, RUBIN and WILLIAMS, JJ., concur.

Application granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 3, 1995.