[725 NYS2d 310]

In the Matter of KRIS E. WATSON (Admitted as KRIS ELLEN WATSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 26, 2001

**APPEARANCES OF COUNSEL**

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on March 23,

1987, as Kris Ellen Watson. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about May 18, 2000, respondent was charged in a five-count indictment filed in Supreme Court, Ulster County, with two counts of promoting prison contraband in the first degree, in violation of Penal Law § 205.25; tampering with physical evidence, in violation of Penal Law § 215.40 (2); criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03; and harassment in the second degree, in violation of Penal Law § 240.26. The indictment alleged that, on or about February 11, 2001, respondent knowingly and unlawfully brought into a detention facility marijuana and cocaine, attempted to prevent the production of certain physical evidence before a correctional officer and, with the intent to harass another person, she struck, shoved or kicked said person.

On November 22, 2000, respondent pleaded guilty to one count of promoting prison contraband in the first degree, a class D felony, in full satisfaction of the indictment, and was sentenced to five years probation, 30 days in the Ulster County Jail, which she has served, an $845 fine and $155 in mandatory surcharges, payable over the course of her probation, and, as a condition of probation, respondent was required to perform 500 hours of community service.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that she has been automatically disbarred upon her conviction of a felony pursuant to Judiciary Law § 90 (4) (a) and (e).

Respondent acknowledges that she ceased being an attorney upon her conviction of a felony and consents to petitioner's request to strike her name from the roll of attorneys, as required by Judiciary Law § 90 (4) (b).

Having been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e), respondent automatically ceased to be an attorney by operation of law upon entry of her guilty plea (*Matter of Remmelink*, 233 AD2d 25).

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law.

NARDELLI, J. P., MAZZARELLI, ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.