[726 NYS2d 716]

In the Matter of MARSHALL OAKES CROWLEY, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 25, 2001

### APPEARANCES OF COUNSEL

*Grace D. Moran*, Syosset (*Robert P. Guido* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated July 27, 1998, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii), upon a finding that he

was guilty of professional misconduct immediately threatening the public interest based upon his substantial admissions under oath and other uncontroverted evidence of professional misconduct. That decision and order authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against him and the issues raised were referred to the Honorable Moses M. Weinstein, as Special Referee, to hear and report. By decision and order of this Court dated October 22, 1998, the respondent's application pursuant to 22 NYCRR 691.13 (c) (1) to be relieved of the requirement that he file a formal response to the petition on the ground of incapacity by reason of mental infirmity or illness or because of addiction to drugs or intoxicants was held in abeyance pending receipt of a medical report with respect to his capacity to practice law. By decision and order of this Court dated January 26, 1999, that portion of the order dated October 22, 1998, which suspended the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii), was recalled and vacated, and the respondent was suspended pursuant to 22 NYCRR 691.13 (b) (1), upon the receipt of the report of the medical expert. The disciplinary proceeding was held in abeyance for six months pending a re-evaluation of the respondent by a medical expert. By decision and order of this Court dated December 13, 1999, the respondent's suspension pursuant to 22 NYCRR 691.13 (b) (1) was vacated on the basis of the medical expert's report which found him capable of assisting in his defense and of practicing law again, the respondent's motion to be relieved of the requirement that he file an answer to the petition was denied and the parties were directed to proceed with the previously authorized disciplinary proceeding, and that portion of the order dated July 27, 1998, which suspended the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii) was reinstated. By further decision and order of this Court dated April 14, 2000, the respondent's proffered resignation was rejected inasmuch as he held out a defense to several of the pending charges, and the parties were directed to proceed with the pending disciplinary proceeding. By order dated May 26, 2000, the Honorable Vincent Pizzuto replaced the Honorable Moses M. Weinstein, as Special Referee. Special Referee Pizzuto filed his report with this Court on November 21, 2000.

On December 8, 2000, the respondent pleaded guilty in the County Court, Suffolk County, before the Honorable Salvatore Alamia, to the crime of grand larceny in the fourth degree in violation of Penal Law § 155.30, a class E felony. The plea was accepted with the understanding that if the respondent was to

successfully complete the Suffolk County Drug Treatment Court supervision program for the calendar year, he would be permitted to plead guilty to a class A misdemeanor, petit larceny, and placed on probation for three years. If unsuccessful, the respondent would be sentenced to a period of incarceration of one to three years. The respondent's sentencing was withheld pending his compliance with the Drug Treatment Court's supervision program.

Pursuant to CPL 1.20 (13), a conviction occurs upon the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument. By virtue of his plea, the respondent stands convicted of a New York felony. Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the Grievance Committee's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Marshall Oakes Crowley, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marshall Oakes Crowley, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.