[732 NYS2d 230]

In the Matter of ASSADOUR M. ASHDJIAN (Admitted as ASSA-DOUR MIKHAEL ASHDJIAN), an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2001

### APPEARANCES OF COUNSEL

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Assadour M. Ashdjian was admitted to the practice of law in the State of New York by the First Judicial Department on October 30, 1989, as Assadour Mikhael Ashdjian. At all times relevant herein, respondent maintained an office for the practice of law in the First Judicial Department.

On or about February 26, 1999, respondent was charged in a New York County indictment with two counts of sodomy in the second degree, in violation of Penal Law § 130.45, one count of sexual abuse in the second degree and one count of endangering the welfare of a child in violation of Penal Law § 130.60 (2) and § 260.10 (1), respectively. On July 12, 2000, respondent pleaded guilty to each count of the indictment.

On August 4, 2000, respondent was sentenced to five years probation on condition that he attend a sex offender program; make a $10,000 payment to the Victim Services Agency; provide a sample of his DNA to the New York State DNA identification index; and was designated a "level one" sex offender which requires him to register with the State pursuant to the Sex Offender Registration Act. Although not a condition of his sentence, it was understood that respondent would be deported to Lebanon and would be stripped of his law license and his National Association Securities Dealer license. Respondent has not complied with the terms of his probation and, apparently, has "deported himself" to Lebanon.

The Departmental Disciplinary Committee commenced this proceeding to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been automatically disbarred upon his conviction of two felonies, i.e., two counts of sodomy in the second degree, in the Supreme Court, New York County (*see*, Judiciary Law § 90 [4] [a], [e]).

Respondent, although duly served pursuant to an order permitting service by publication, has not appeared in this proceeding.

Having been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e), respondent automatically ceased to be an attorney by operation of law upon entry of his guilty plea (*see*, *Matter of Margiotta*, 60 NY2d 147; *see also*, *Matter of Watson*, 282 AD2d 96).

Accordingly, the Disciplinary Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law.

ANDRIAS, J. P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 12, 2000.