[795 NYS2d 28]

In the Matter of SCOTT H. SESSLER (Admitted as SCOTT HOWARD SESSLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Scott H. Sessler was admitted to the practice of

law in the State of New York by the First Judicial Department on March 21, 1983 as Scott Howard Sessler. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In February 2003, respondent was indicted in connection with a criminal enterprise in which he participated, with other personal injury attorneys, in the unlawful solicitation of clients. Hospital employees were paid illegal referral fees to provide confidential patient information and to refer hospital patients to participating attorneys and their law firms. Respondent was charged with restraint of trade and competition, in violation of General Business Law §§ 340 and 341, and with enterprise corruption, commercial bribery in the first degree (2 counts), bribery in the third degree (3 counts), offering a false instrument for filing in the first degree (6 counts), and money laundering in the fourth degree, in violation of Penal Law § 460.20 (1) (a), §§ 180.03, 200.00, 175.35 and 470.05 (1) (a) (i) (A), respectively.

On February 2, 2005, in Supreme Court, New York County, respondent was convicted, upon his plea of guilty, of offering a false instrument for filing in the first degree (Penal Law § 175.35), a class E felony, in full satisfaction of the indictment against him. He agreed to forfeit $75,000 as a condition of the plea agreement. Respondent admitted that he filed a client retainer statement containing false information with the Office of Court Administration, intending to defraud it; that he had purchased the client's referral, as well as those of other clients; and that he had filed the false instrument, and others, in order to conceal the source of client referrals.

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that his conviction of a New York State felony caused his automatic disbarment pursuant to Judiciary Law § 90 (4). Although respondent's counsel was served with the Committee's application, no opposing papers have been submitted.

That respondent has not yet been sentenced is not an impediment to the Committee's petition (see Matter of Lurie, 207 AD2d 48, 49 [1995] [for purposes of disbarment, conviction occurs at time of plea or verdict]). Conviction for "any criminal offense classified as a felony under the laws of this state" results in automatic disbarment by operation of law (see Judiciary Law § 90 [4] [a], [e]). Consequently, his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (see Matter of Mischel, 257 AD2d 226 [1999]; Matter of Lurie, 207 AD2d 48 [1995], supra).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors at law, effective nunc pro tunc to the date of conviction.

TOM, J.P., ANDRIAS, MARLOW, ELLERIN and SWEENY, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 2, 2005.