[812 NYS2d 461]

In the Matter of Olga Sorkin, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 26, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP,* New York City (*Hal R. Lieberman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Olga Sorkin was admitted to the practice of law in the State of New York by the Second Judicial Department on July 21, 1993. At all times pertinent to these proceedings, she maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in a multicount indictment with restraint of trade and competition, in violation of General Business Law §§ 340 and 341; enterprise corruption (Penal Law § 460.20); two counts of first degree commercial bribery (Penal Law § 180.03); three counts of third degree bribery (Penal Law § 200.00); six counts of first degree offering a false instrument for filing (Penal Law § 175.35); and fourth degree money laundering (Penal Law § 470.05 [1] [a] [i] [A]). Respondent's criminal activity arose out of her participation with other attorneys in bribing hospital workers for medical records which revealed potential candidates for personal injury lawsuits. The attorneys split their earnings with the workers from insurance claims they filed.

On May 19, 2005, respondent was convicted, upon her plea of guilty, in Supreme Court, New York County, of one count of offering a false instrument for filing in the first degree, a class E felony. A guilty plea on behalf of her firm, Olga Sorkin, P.C., was also entered on the same count in the indictment. Respondent was sentenced to five years probation and ordered to pay $50,000 in restitution.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys in New York pursuant to Judiciary Law § 90 (4) (b) upon the ground that she has been disbarred upon her conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, through her counsel, does not oppose the relief sought by the Committee.

Respondent ceased to be an attorney in New York upon her conviction of a felony (*see* Judiciary Law § 90 [4] [a]; *Matter of Chilewich*, 20 AD3d 109 [2005]).

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to May 19, 2005.

MAZZARELLI, J.P., SAXE, FRIEDMAN, SULLIVAN and WILLIAMS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 19, 2005.