[810 NYS2d 435]

In the Matter of JEFFREY S. KOZLOW (Admitted as JEFFREY SCOTT KOZLOW), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST DEPARTMENT, Petitioner.

First Department, February 9, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee* (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jeffrey S. Kozlow was admitted to the practice of

law in the State of New York by the First Judicial Department on July 6, 1987. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

In 2004, respondent was charged in an indictment filed in County Court, Westchester County, with five counts of attempted disseminating indecent material to minors in the first degree in violation of Penal Law §§ 110.00 and 235.22. The charges alleged that respondent used a computer to transmit communications which depicted sexual conduct and which were harmful to minors to a person he believed to be a minor, and that he attempted by such communications to induce the minor to engage in sexual contact with him.

On May 11, 2005, following a nonjury trial before a Westchester County Court Judge, respondent was found guilty of all five counts of attempted disseminating indecent materials to minors in the first degree, which are class E felonies. On July 27, 2005, respondent was sentenced to five years' probation, a $250 mandatory surcharge and was certified as a sex offender. Respondent is presently appealing his conviction to the Appellate Division, Second Department.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, through counsel, does not oppose the relief requested. However, respondent's counsel asks that we defer ruling on the instant petition until after the Second Department decides his appeal from the Westchester County Court conviction. Counsel further advises that similar charges brought against respondent in Supreme Court, New York County (*People v Kozlow*, Indictment No. 1015/05), involving "literally the same set of facts," were dismissed by a New York County Supreme Court Judge on the ground that Penal Law § 235.22 did not reach the type of conduct with which respondent was charged.

A conviction for any criminal offense classified as a felony under the laws of this State results in automatic disbarment by operation of law (Judiciary Law § 90 [4] [a], [e]; *Matter of Stark*, 309 AD2d 4, 5-6 [2003]). We find no compelling reason to delay completion of the disbarment process, as respondent requests. For purposes of disbarment, a conviction occurs at the time of the plea or verdict (*Matter of Lurie*, 207 AD2d 48, 49 [1995]),

and if respondent's appeal is successful he may petition this Court pursuant to Judiciary Law § 90 (5) to vacate the order of disbarment.

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, to May 11, 2005.

ANDRIAS, J.P., SULLIVAN, WILLIAMS, GONZALEZ and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 11, 2005.