[814 NYS2d 89]

In the Matter of JOEL A. SILBERMAN (Admitted as JOEL ALAN SILBERMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 11, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Richard M. Maltz* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Joel A. Silberman was admitted to the practice of law in the State of New York by the Second Judicial Department on September 24, 1986. At all times relevant to this proceeding, respondent maintained his principal place of business within this Judicial Department.

On November 9, 2004, respondent pleaded guilty to criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1), a class B felony. The plea was accepted with the understanding that if respondent successfully completed a drug treatment program, the prosecuting attorney and the Supreme Court Justice would allow him to withdraw his felony plea, plead guilty to a class A misdemeanor, and a nonjail sentence would be imposed. If respondent were unsuccessful, the prosecuting attorney would recommend a jail sentence of 2 to 6 years.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred upon his conviction of a New York State felony, as defined by Judiciary Law § 90 (4) (e).

It is well settled that a conviction for any criminal offense classified as a felony under New York State law "results in automatic disbarment by operation of law" (*Matter of Kozlow*, 29 AD3d 44, 45 [2006]; *see also* Judiciary Law § 90 [4] [a], [e]; *Matter of Stark*, 309 AD2d 4 [2003]; *Matter of Ashdjian*, 287 AD2d 217 [2001]; *Matter of Remmelink*, 233 AD2d 25 [1997]). Contrary to respondent's contention that his plea alone is insufficient to disbar him, for purposes of disbarment, a conviction occurs at the time of the plea or verdict (*see Matter of Conroy*, 309 AD2d 57 [2003]; *Matter of Carpenter*, 305 AD2d 19 [2003]; *Matter of Porges*, 297 AD2d 1 [2002]; *Matter of Crowley*, 285 AD2d 98 [2001]; *Matter of Lurie*, 207 AD2d 48 [1995]). Because the Judiciary Law is self-executing, and respondent's disbarment is automatic, we also reject respondent's request to defer

any final sanction until he completes the drug treatment program (*cf. Matter of Miller*, 246 AD2d 35 [1998] [pendency of appeal of conviction not a basis to delay disciplinary action]; *Matter of Lurie, supra* [possible motion to set aside verdict is not impediment to disbarment]). Should respondent replead to a misdemeanor, he may petition this Court to vacate the order of disbarment (*cf. Matter of Kozlow, supra*; *Matter of Simon*, 146 AD2d 393 [1989] [automatically disbarred attorney not without recourse in event of successful appeal]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 9, 2004.

MAZZARELLI, J.P., ANDRIAS, MARLOW, McGUIRE and MALONE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 9, 2004.