[814 NYS2d 639]

In the Matter of FREDRIC R. ZARKIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 23, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on January 15, 1979 and at all times relevant to these proceedings has maintained an office for such practice within this Department.

In 2003, respondent was charged, along with other attorneys, with violating General Business Law §§ 340 and 341 (restraint of trade and competition), Penal Law § 460.20 (1) (a) (enterprise corruption), Penal Law § 180.03 (commercial bribery in the first degree), Penal Law § 200.00 (bribery in the third degree), Penal Law § 175.35 (offering a false instrument for filing in the first degree), and Penal Law § 470.05 (1) (a) (i) (A) (money laundering in the fourth degree), for bribing hospital workers or "runners" to obtain medical records of potential candidates for personal injury lawsuits during a seven-year period.*

In a subsequent indictment, respondent was also charged with offering a false instrument for filing in the first degree (Penal Law § 175.35) and falsifying business records in the first degree (Penal Law § 175.10) in connection with his filing of false retainer statements with the Office of Court Administration.

On November 22, 2005, respondent and his law firm Loft & Zarkin were convicted, after a jury trial, in Supreme Court, New York County (Yates, J.), of two counts of offering a false instrument for filing in the first degree in violation of Penal Law § 175.35, and one count of falsifying business records in the first degree in violation of Penal Law § 175.10, both class E felonies.

On March 3, 2006, respondent was sentenced to five years' probation and ordered to pay a $5,000 fine and $250 surcharge. The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of felonies as defined by Judiciary Law § 90 (4) (e) (*Matter of Sorkin*, 28 AD3d 23 [2006]).

Although respondent's counsel was served with this motion, no response has been submitted.

Conviction for "any criminal offense classified as a felony under the laws of this state" results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [a], [e]). Upon the verdict respondent ceased to be an attorney authorized to

---

* Respondent's law firm, Loft & Zarkin, was also indicted and pled guilty under this indictment.

practice law in this state (*Matter of David*, 145 AD2d 150 [1989]).

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to November 22, 2005.

Tom, J.P., Friedman, Marlow, Nardelli and Malone, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 22, 2005.