[844 NYS2d 212]

In the Matter of LLOYD M. BERNS (Admitted as LLOYD MARSHALL BERNS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 18, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on February 21, 1973, under the name Lloyd Marshall Berns. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In 2006, respondent was charged in a superior court information filed in Supreme Court, New York County, with offering a false instrument for filing in the first degree in violation of Penal Law § 175.35, a class E felony, in connection with his filing of false retainer statements with the Office of Court Administration.

On December 19, 2006, respondent pleaded guilty to the sole count of the information, offering a false instrument for filing in the first degree in violation of Penal Law § 175.35. The plea agreement respondent entered into with the People spelled out the nature of his crime:

> "Between November 2001 and April 2002, in the County of New York, I practiced personal injury law with my partner, Eugene Castro, in our law firm, Berns & Castro . . . . During that time, Eugene Castro and I agreed to pay a runner, known to me at the time as Jack Peters, to refer cases to the Law Firm. After Jack Peters had referred cases to the Law Firm, Eugene Castro and I filed, or caused to be filed, multiple false retainer statements with the New York State Office of Court Administration that did not list 'Jack Peters' as the source of referral, but instead falsely listed a person other than Jack Peters as the source of referral. At the time that those retainer statements were filed, I knew that they contained false statements and false information, I had the knowledge and belief that the retainer statements would in fact be filed with the Office of Court Administration, and I intended to defraud the Office of Court Administration through their filing."

Pursuant to the plea agreement respondent also agreed to forfeit $75,000. During his plea allocution, respondent confirmed the veracity of the above information contained in the plea agreement. On February 13, 2007, respondent was sentenced to a term of five years probation and ordered to pay a $200 surcharge.

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judi-

ciary Law § 90 (4) (b) on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*Matter of Zarkin*, 31 AD3d 133 [2006] [automatic disbarment where attorney convicted of offering a false instrument for filing]; *Matter of Sorkin*, 28 AD3d 23 [2006] [same]).

Although respondent's counsel was served with this motion, no response has been submitted.

Inasmuch as a conviction for "any criminal offense classified as a felony under the laws of this state" results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [a], [e]), respondent ceased to be an attorney in New York upon his felony conviction and, consequently, his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (*see Matter of Chilewich*, 20 AD3d 109 [2005]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 19, 2006, the date of respondent's guilty plea.

TOM, J.P., MAZZARELLI, ANDRIAS, WILLIAMS and BUCKLEY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 19, 2006.