[849 NYS2d 776]

In the Matter of JAMES P. COLLITON (Admitted as JAMES PATRICK COLLITON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 7, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Howard Greenberg* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James Patrick Colliton was admitted to the

practice of law in the State of New York by the Third Judicial Department on January 24, 1989. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On October 2, 2007, respondent pleaded guilty in Supreme Court, New York County, to rape in the second degree in violation of Penal Law § 130.30 (1), a class D felony, and to patronizing a prostitute in the third degree in violation of Penal Law § 230.04, a class A misdemeanor, in full satisfaction of indictment No. 0861-2006. On that same day, respondent also pleaded guilty to rape in the third degree in violation of Penal Law § 130.25 (2), a class E felony, in full satisfaction of indictment No. 1748-2006. The charges to which respondent pleaded guilty alleged that he engaged in sexual intercourse with a person who was less than 15 years old and a person who was less than 17 years old, and that he patronized a prostitute who was less than 17 years old. On October 11, 2007, respondent was sentenced to a term of imprisonment of one year on each charge, to be served concurrently, and was required to register as a sex offender.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was automatically disbarred upon his conviction of a New York State felony, as defined by Judiciary Law § 90 (4) (e). Although respondent's counsel was served with this petition, no response has been submitted.

As respondent has been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e), he automatically ceased to be an attorney by operation of law upon entry of his guilty plea (*see Matter of Ashdjian*, 287 AD2d 217 [2001]; *Matter of Berns*, 46 AD3d 116 [2007]; *Matter of Silberman*, 31 AD3d 21 [2006]).

Accordingly, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 2, 2007.

Tom, J.P., Saxe, Friedman, Gonzalez and Williams, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 2, 2007.