OPINION OF THE COURT
Per Curiam.
Respondent Desmond J. Connell was admitted to the practice *253 of law in the State of New York by the First Judicial Department on February 6, 1995. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.
On October 13, 2011, in the Supreme Court, Bronx County, respondent pleaded guilty to grand larceny in the third degree (Penal Law § 155.35), a class D felony, and scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), a class E felony. Respondent admitted during his plea allocution that between July 1, 2005 and November 30, 2007, he acted in concert with others operating a scheme to defraud insurance carriers by filing no-fault insurance claims for reimbursement under false and fraudulent pretenses, which caused a loss to numerous insurance carriers in excess of $1,000. In the course of the scheme and theft, respondent used a network of attorneys that relied on steering activities, which resulted in losses to insurance carriers in excess of $3,000. On May 9, 2013, respondent was sentenced to a conditional discharge and three years’ probation, and restitution in the amount of $75,000.
The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent’s name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent’s counsel was served with this motion but neither counsel or respondent has appeared or submitted a response to this petition.
Respondent’s conviction of the class D felony of grand larceny in the third degree, and the class E felony of scheme to defraud in the first degree constitutes grounds for his automatic disbarment (Matter of Harris, 109 AD3d 136 [1st Dept 2013]; Matter of Lurie, 207 AD2d 48 [1st Dept 1995]). The automatic disbarment occurs at the time of conviction when respondent entered his guilty plea (Matter of Sheinbaum, 47 AD3d 49 [1st Dept 2007]).
Accordingly, the Disciplinary Committee’s petition, pursuant to Judiciary Law § 90 (4) (a) and (b), should be granted, and respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 13, 2011.
*254 Friedman, J.E, Acosta, Feinman, Gische and Clark, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 13, 2011.