[36 NYS3d 42]

In the Matter of JEFFREY S. KOZLOW (Admitted as JEFFREY SCOTT KOZLOW), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Jeffrey S. Kozlow*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jeffrey S. Kozlow was admitted to the practice of law in the State of New York by the First Judicial Department on July 6, 1987 under the name Jeffrey Scott Kozlow. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. By order entered November 20, 2013, this Court suspended respondent for failing to register as an attorney and pay biennial registration fees. Respondent has not moved for reinstatement.

In 2004, respondent was charged in an indictment filed in County Court, Westchester County, with five counts of attempted disseminating indecent material to minors in the first degree in violation of Penal Law §§ 110.00 and 235.22. The charges alleged that respondent used a computer to transmit communications, which depicted sexual conduct and which were harmful to minors, to a person he believed to be a minor, and that he attempted by such communications to induce the minor to engage in sexual contact with him.

On May 11, 2005, following a nonjury trial before a Westchester County Court Judge, respondent was found guilty of all five counts of attempted disseminating indecent material to minors in the first degree, which are class E felonies. On July 27, 2005, respondent was sentenced to five years' probation, a $250 mandatory surcharge and was certified as a sex offender.

On February 9, 2006, this Court disbarred respondent from the practice of law and struck his name from the roll of attorneys, nunc pro tunc to May 11, 2005, based upon his criminal conviction (29 AD3d 44 [1st Dept 2006]). On July 25, 2006, the Appellate Division, Second Department reversed respondent's conviction, on the law, and dismissed the indictment on the ground that "[t]he People failed to establish that the defendant's Internet communications with an undercover police officer whom he believed to be a minor 'depict[ed]' sexual conduct within the meaning of Penal Law § 235.22 (1), since they contained no visual, 'sexual images' " (31 AD3d 788, 788 [2d Dept 2006] [citations omitted]). Consequently, on September 28, 2006, upon motion by respondent pursuant to Judiciary Law § 90 (5) (a), we recalled and vacated our disbarment order and reinstated respondent to the practice of law effective that date without prejudice to further proceedings by the Departmental Disciplinary Committee (Committee) (*Matter of Kozlow*, 2006 NY Slip Op 76693[U] [1st Dept 2006]).

On April 26, 2007, the Court of Appeals, finding that former Penal Law § 235.22 also criminalized the activities of adults who used words, rather than images, to lure minors, reversed the Second Department and remitted the case to that Court for further proceedings consistent with its decision (8 NY3d 554 [2007]). On December 26, 2007, the Second Department affirmed the trial court's judgment of conviction of July 27, 2005 (46 AD3d 913 [2d Dept 2007], *lv denied* 10 NY3d 865 [2008]).

The Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The Committee states that it did not move sooner because respondent failed to notify it that his conviction had been reinstated, as he was obligated to do under Judiciary Law § 90 (4) (c) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (f). Respondent has not filed a response with this Court. However, he sent a letter to the Committee's staff counsel stating, inter alia, that he did not oppose the petition other than disputing the assertion that he had not fulfilled his notification responsibilities.

A conviction for any criminal offense classified as a felony under the laws of this state results in automatic disbarment by operation of law (Judiciary Law § 90 [4] [a], [e]). For purposes of disbarment, a conviction occurs at the time of the plea or verdict (*Matter of Lurie*, 207 AD2d 48, 49 [1st Dept 1995]). Respondent was convicted of five counts of the class E felony of attempted disseminating indecent material to minors in the first degree on May 11, 2005, which constitutes grounds for his automatic disbarment (*see Matter of Heberling*, 119 AD3d 90 [1st Dept 2014]; *Matter of Stark*, 309 AD2d 4 [1st Dept 2003]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, to May 11, 2005.

ACOSTA, J.P., ANDRIAS, WEBBER, KAHN and GESMER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 11, 2005.