Matter of Hanlon (2019 NY Slip Op 09400)





Matter of Hanlon


2019 NY Slip Op 09400


Decided on December 26, 2019


Appellate Division, First Department


Per Curium., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Angela M. Mazzarelli
Jeffrey K. Oing, Justices.


&em;

[*1]In the Matter of Craig A. Hanlon (admitted as Craig Andrew Hanlon), an attorney and counselor-at-law: Attorney Grievance CommitteeM-7336 for the First Judicial Department, Petitioner, Craig A. Hanlon, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Craig A. Hanlon, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on August 1, 2005.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Respondent pro se.



PER CURIUM.
[*2] Respondent Craig A. Hanlon was admitted to the practice of law in the State of New York by the First Judicial Department on August 1, 2005, under the name


Craig Andrew Hanlon. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(b), on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), namely, grand larceny in the second degree, and has therefore been automatically disbarred. Even though respondent has not yet been sentenced, the Committee's application is timely because, for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Ogihara, 121 AD3d 47 [1st Dept 2014]). Morever, the Committee contends that the fact that respondent may, in the future, be permitted to withdraw his felony plea and replead to a misdemeanor if he complies with the plea agreement terms is of no moment because he could then move to vacate his disbarment (see Matter of Silberman, 31 AD3d 21, 22-23 [1st Dept 2006]).
Respondent, pro se, has not submitted a response to this motion or appeared herein.
On July 16, 2019, respondent entered a plea of guilty in Supreme Court, New York County, to grand larceny in the second degree (Penal Law § 155.40[1]), a class C felony. At the plea proceeding, respondent admitted that, during the period between February 2018 and February 2019, while representing a client in a divorce matter, he maintained $100,000 in his escrow account and, having refused to transfer the money to the wife's attorney pursuant to a stipulation, respondent, without permission or authority, stole $71,690.07 of that money for his personal use.
As part of his plea agreement, respondent agreed to participate in a substance abuse treatment program, and, if after 18 months' compliance with all probation details under the agreement, be permitted to replead to the misdemeanor of petit larceny. Respondent also agreed to the entry of a judgment order against him in the amount of the stolen funds ($71,690.07), and to the transfer of $28,309.93 of funds seized from his escrow account to the attorney for the wife.
The Committee correctly asserts that respondent's conviction of a New York felony is a basis for automatic disbarment pursuant to Judiciary Law § 90(4). New York Judiciary Law § 90(4)(a) provides:
"Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."
Judiciary Law § 90(4)(e) provides in pertinent part as
follows:
"For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state ...."
Accordingly, respondent's conviction of grand larceny in the second degree constitutes grounds for disbarment and his name should be stricken from the rolls pursuant to Judiciary Law § 90(4)(b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1) (see Matter of Carlebach, 163 AD3d 192 [1st Dept 2018]). As we noted in Matter of Silberman (31 AD3d at 22-23), "[b]ecause the Judiciary Law is self-executing, and respondent's disbarment is automatic" we should not defer a final sanction pending his completion of the terms of the plea agreement, particularly since respondent can petition this Court to vacate his disbarment, pursuant to Judiciary Law § 90(5)(a), in the event his felony conviction no longer stands.
Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b), effective nunc pro tunc to July 16, 2019.
All concur.
Order filed. [December 26, 2019]
The Committee's motion is granted and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b), nunc pro tunc to July 16, 2019.