Matter of Reich (2022 NY Slip Op 03178)

Matter of Reich

2022 NY Slip Op 03178

Decided on May 12, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 12, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Jeffrey K. Oing
Lizbeth González
Martin Shulman
John R. Higgitt, JJ.

Motion No. 2022-00692 Case No. 2021-04296 

[*1]In the Matter of Julius S. Reich, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Julius S. Reich, (OCA Atty Reg. No. 1680339) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 30, 1980.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Julius S. Reich was admitted to the practice of law in the State of New York by the Second Judicial Department on April 30, 1980. This Court retains jurisdiction over him as his last registered business address was within the First Judicial Department (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On May 22, 2018, respondent pleaded guilty in Supreme Court, Westchester County, to manslaughter in the first degree in violation of Penal Law § 125.20, which is a class B felony. Respondent admitted that, on January 20, 2016, he stabbed his wife multiple times, with the intent to cause serious physical injury, and caused her death. He was sentenced to 20 years imprisonment to be followed by 5 years of post-release supervision. Orders of protection against respondent were also issued on behalf of various members of the victim's family.
The Attorney Grievance Committee (AGC) moves to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e) and therefore has been automatically disbarred.
The AGC also asserts that respondent failed to report his conviction to either the Court or the AGC as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a). The AGC was apprised of respondent's conviction via a communication from the Second Department's Attorney Grievance Committee.
Respondent's felony conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90(4)(a), which provides that "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."
Judiciary Law § 90(4)(b) provides that "[w]henever any attorney and counsellor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys."
Judiciary Law § 90(4)(e) provides, in relevant part, that "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state."
Accordingly, respondent's conviction of manslaughter in the first degree constitutes grounds for automatic disbarment and his name should be stricken from the rolls pursuant to Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1).
The AGC moves to make respondent's disbarment order effective as of the date of the AGC's motion. However, the statutory language of Judiciary Law § 90(4)(a) clearly [*2]provides that automatic disbarment is self-executing and occurs at the time of conviction of a felony (see Matter of Barash, 20 NY2d 154, 157 [1967]; Matter of Smith, 173 AD3d 99 [1st Dept 2019]; Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Ashdjian, 287 AD2d 217 [1st Dept 2001]).
We emphasize that respondent engaged in professional misconduct by failing to timely report his conviction as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a). Respondent's unexplained failure to report his conviction may be relevant to any future application for reinstatement (see 22 NYCRR 1240.16[a]; Matter of Ahern, [Motion No. 2022-00484, decided simultaneously herewith] [1st Dept 2022]). Respondent has not appeared in this proceeding, despite being duly served with notice, and remains incarcerated.
Accordingly, the AGC's motion should be granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to the date of his conviction.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Julius S. Reich, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Julius S. Reich, is disbarred, effective May 22, 2018, and his name is stricken from the roll of attorneys and counselors-at-law; and,
IT IS FURTHER ORDERED that the respondent, Julius S. Reich, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Julius S. Reich, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Julius S. Reich, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: May 12, 2022