Matter of Moreno (2023 NY Slip Op 00956)

Matter of Moreno

2023 NY Slip Op 00956

Decided on February 21, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Sallie Manzanet-Daniels
Troy K. Webber
Ellen Gesmer
John R. Higgitt, JJ.

Motion No. 2022-04475 Case No. 2016-00141 

[*1]In the Matter of Carlos Moreno, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Carlos Moreno (OCA ATTY. REG. NO. 2480341), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 13, 1992.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Carlos Moreno was admitted to the practice of law in the State of New York by the First Judicial Department on April 13, 1992. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.
On March 9, 2017, this Court immediately suspended respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR § 1240.9[a][3]). On November 30, 2017, this Court suspended him for four years, retroactive to the interim suspension.
On December 18, 2020, respondent pleaded guilty in Supreme Court, New York County, to one count of scheme to defraud in the first degree, in violation of Penal Law § 190.65(1)(b), a class E felony, and one count of the practice of law by an attorney who has been disbarred or suspended, in violation of Judiciary Law § 486, a class A misdemeanor. On August 3, 2022, respondent was sentenced to 1 to 3 years on the felony and 1 year on the misdemeanor to run concurrently. He is currently incarcerated.
The Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys on the basis of his felony conviction.[FN1]
Conviction of the felony of scheme to defraud in the first degree in violation of Penal Law § 190.65(1)(b) is a basis for automatic disbarment (Judiciary Law § 90[4][a], [b], [e]; see also Matter of Kozlow, 29 AD3d at 45 ["[f]or purposes of disbarment, a conviction occurs at the time of the plea or verdict"]).
Accordingly, the motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), nunc pro tunc to December 18, 2020.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Carlos Moreno, from the roll of attorneys and counselors at-law, pursuant to Judiciary Law § 90(4), is granted; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Carlos Moreno, is disbarred, effective nunc pro tunc to December 18, 2020, and his name is stricken from the roll of attorneys and counselors-at-law; and
IT IS FURTHER ORDERED that the respondent, Carlos Moreno, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent,
Carlos Moreno, is commanded to desist and refrain from (1) practicing law in any form, either as a principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding [*2]himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERD that if respondent, Carlos Moreno, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: February 21, 2023

Footnotes

Footnote 1: Respondent failed to make a cross motion for appointment of counsel to represent him in this disciplinary proceeding and for an order holding the instant motion in abeyance pending his appeal of his criminal conviction and therefore we will not consider his belated requests. Even if they were properly before the Court, he is not entitled to appointment of counsel and the pendency of his criminal appeal is not grounds to delay the disciplinary proceeding (see Matter of Kozlow, 29 AD3d 44, 45-46 [1st Dept 2006]; Matter of Wantuck, 14 AD3d 178 [1st Dept 2005]). Moreover, "if respondent's appeal is successful he may petition this Court pursuant to Judiciary Law § 90(5) to vacate the order of disbarment" (Matter of Kozlow, 29 AD3d at 46).