In the Matter of ILAN REICH (Admitted as ILAN K. REICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 28, 1987

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Robert G. Morvillo* of counsel *(Obermaier, Morvillo & Abramowitz, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ilan K. Reich was admitted to practice as an

attorney and counselor-at-law in the courts of the State of New York by the Appellate Division, First Judicial Department, on March 17, 1980. At all times relevant hereto, he has maintained an office for the practice of law in the First Judicial Department.

Respondent was convicted on January 23, 1987, in the United States District Court for the Southern District of New York, upon his plea of guilty, to two counts of an indictment charging him with securities fraud, i.e., insider trading and mail fraud, in violation of 15 USC § 78j (b) and § 78ff; 17 CFR 240.10b-5, 18 USC § 2 and 18 USC §§ 1341 and 2. Respondent admitted, *inter alia,* misappropriating nonpublic material, confidential information in connection with the purchase and sale of the stock of G.D. Searle & Co., from his employer, Wachtell, Lipton, Rosen & Katz, and passing this information to Dennis B. Levine, who used it to trade through an account at a Bahamian financial institution in the stock of G.D. Searle & Co., for a trading profit of approximately $613,503. With regard to the second count, respondent admitted informing Levine that one of his employer's clients was planning to make a merger proposal with respect to SFN Companies, allowing Levine to trade on that information for a profit of $129,316.

The crime of insider trading, of which respondent has been convicted, is a felony under Federal law and is a criminal offense which, if committed within this State, would constitute a felony in New York (General Business Law § 352-c).

General Business Law § 352-c (5) reads in pertinent part: "Any person * * * who intentionally engages in any scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons while engaged in inducing or promoting the * * * sale * * * or purchase of any securities * * * shall be guilty of a class E felony." Section 352-c (6) reads: "Any person * * * who intentionally engages in fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale, or who makes any material false *representation* or statement with intent to deceive or defraud, while engaged in inducing or promoting the * * * sale * * * or purchase within or from this state of any securities * * * and thereby wrongfully obtains property of a value in excess

of two hundred fifty dollars, shall be guilty of a class E felony."

Respondent contends that since he received no profits from the transactions, his conduct does not fall within the ambit of subdivisions (5) or (6) and constitutes, therefore, only a misdemeanor under section 352-c. However, in his plea allocution, respondent admitted acts which constitute intent to defraud. Illegal profits which resulted from his actions were earmarked for him since he had an arrangement with Levine to share in the profits. The fact that he subsequently decided not to actually collect the illegal profits amassed on his behalf did not change the felonious character of his crime under our State statute.

Judiciary Law § 90 (4), providing for automatic disbarment when an attorney is convicted of a crime which would constitute a felony in this State, does not require that the felony in the other jurisdiction be a "mirror image of the New York felony, precisely corresponding in every detail", but solely that it have "essential similarity" with a New York felony offense *(Matter of Margiotta,* 60 NY2d 147, 150). Section 352-c of the General Business Law was specifically amended to make intentional fraudulent conduct in connection with securities a felony offense.

Respondent committed fraud and engaged in deceit in disclosing material confidential information about G.D. Searle & Co. He made those disclosures intentionally, knowing that Levine would trade on the information. In so doing, respondent defrauded a very large number of people.

Accordingly, the motion by the Departmental Disciplinary Committee for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground respondent has been disbarred based upon a conviction of a felony as defined by Judiciary Law § 90 (4) (e), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law.

KUPFERMAN, J. P., CARRO, ASCH, ELLERIN and WALLACH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 28, 1987.