In the Matter of ISRAEL G. GROSSMAN (Admitted as ISRAEL GEDALIAH GROSSMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 26, 1988

## APPEARANCES OF COUNSEL

*Susan Brotman* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Israel G. Grossman,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order striking respondent's name from the roll of attorneys of the State of New York pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been disbarred based on a conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Respondent Israel Grossman was admitted to practice as an attorney and counselor-at-law by the Appellate Division of the Supreme Court, Second Judicial Department, on May 2, 1979 under the name of Israel Gedaliah Grossman. Respondent maintained a law office in the First Judicial Department at all times relevant to this proceeding.

On September 15, 1987, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York of various insider trader violations (15 USC § 78j [b]; § 78ff; 17 CFR 240.10b-5; 18 USC §§ 1341, 2). Respondent misappropriated certain confidential information from his employer, Kramer, Levin, Nessen, Kamin & Frankel, pertaining to the sale and purchase of stock of Colt Industries, Inc. (hereinafter Colt). Respondent's employer represents the trustees of the retirement savings plan for salaried employees of Colt. Respondent disclosed information regarding Colt's recapitalization plan to his family and others for the purpose of purchasing call options and stock of Colt and selling these securities after the Colt recapitalization plan was publicly

announced. Respondent was fined and sentenced to a prison term of two years, which he is currently serving. Insider trading violations are felonies under Federal law, which, if prosecuted under New York law would also constitute a class E felony (see, General Business Law § 352-c [5]; *Matter of Reich,* 128 AD2d 329 [1st Dept 1987]).

Respondent, citing his inability to hire an attorney, has not addressed the merits of the petition in either formal or informal papers. In a letter to the Disciplinary Committee he requested that he be suspended pending the determination of his appeal. The Disciplinary Committee declined the request as barred by the automatic disbarment provisions of Judiciary Law § 90 (4).

The Disciplinary Committee has presented to the court a certified copy of the judgment of conviction. Its motion to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted on the ground that respondent automatically ceased to be an attorney and coun-selor-at-law upon such conviction (Judiciary Law § 90 [4] [a]; *Matter of Reich, supra; Matter of Cohen,* 107 AD2d 189 [1st Dept 1985]).

SANDLER, J. P., CARRO, KASSAL, ELLERIN and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.