[642 NYS2d 24]

In the Matter of ALFRED M. CHRISTIANSEN (Admitted as AL-FRED MAGNUS CHRISTIANSEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 1996

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Alfred M. Christiansen, was admitted to the practice of law in New York by the First Judicial Department

on June 28, 1965. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On May 18, 1995, in the United States District Court for the Southern District of New York, respondent was convicted after a jury trial of participation in a racketeering enterprise, in violation of 18 USC § 1962 (c); racketeering conspiracy, in violation of 18 USC § 1962 (d); two counts of mail fraud, in violation of 18 USC § 1341; and two counts of wire fraud, in violation of 18 USC § 1343.

The Departmental Disciplinary Committee seeks an' order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent has not appeared in this proceeding.

The crime of participation in a racketeering enterprise, a felony under the Federal statute, is essentially similar to the New York State felony of enterprise corruption under Penal Law § 460.20. Respondent's conviction of that count of the indictment therefore constitutes grounds for automatic disbarment under Judiciary Law § 90 (4) (a). In addition, under the conduct charged in that count alone, respondent committed at least four acts that are felonies under New York law—submitting false documents to a government agency (Penal Law § 175.35 [offering a false instrument for filing in the first degree]) and bribing a public official (Penal Law § 200.00 [bribery in the third degree])—and are grounds for disbarment. That sentence may not yet have been imposed does not bar petitioner's relief, since it is well settled that the date of plea or verdict is the date of conviction that triggers disbarment (*Matter of David*, 145 AD2d 150, 152; *Matter of Kourland*, 172 AD2d 77, 79).

Accordingly, petitioner's motion is granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 18, 1995.

MURPHY, P. J., MILONAS, ROSENBERGER, ROSS and MAZZARELLI, JJ., concur.

Respondent's name is directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective as of May 18, 1995.