[727 NYS2d 475]

In the Matter of JAN ROBIN SCHNEIDERMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 9, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On March 27, 2000, the respondent was convicted in the

United States District Court for the Middle District of Florida, Orlando Division (United States District Judge Patricia C. Fawsett) of one count of racketeering, in violation of 18 USC § 1962 (c); one count of racketeering conspiracy, in violation of 18 USC § 1962 (d); eight counts of interstate transportation of stolen property, in violation of 18 USC §§ 2314 and 2; one count of money laundering, in violation of 18 USC § 1956 (a) (1) (A) and (B); 11 counts of money laundering, in violation of 18 USC § 1956; nine counts of wire fraud, in violation of 18 USC §§ 1343, 1346 and 2; and two counts of money laundering, in violation of 18 USC § 1957. She was sentenced to a term of imprisonment of 294 months, consisting of 240 months on each of the two racketeering counts, to be served concurrently with each other, 54 months on the money laundering counts, to run concurrently with each other and consecutively with counts one and two, and 40 months on the remaining counts, to run concurrently.

The Federal crime of racketeering is essentially similar to felony enterprise corruption under Penal Law § 460.20, a class B felony (see, Matter of Christiansen, 220 AD2d 98, 99; Matter of Pappas, 253 AD2d 96, 97).

Although personally served at the Danbury Federal Correctional Institution with the petitioner's motion to strike her name from the roll of attorneys, the respondent has not proffered any reply.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon her conviction of a felony.

Accordingly, the Grievance Committee's motion is granted. The respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jan Robin Schneiderman, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jan Robin Schneiderman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.