[744 NYS2d 179]

In the Matter of ROBERT E. PORGES (Admitted as ROBERT EDWIN PORGES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 2002

## APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert E. Porges was admitted to the practice of law by the Second Judicial Department on June 19, 1963, as Robert Edwin Porges. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On February 11, 2002, respondent pleaded guilty in the United States District Court for the Southern District of New York to racketeering conspiracy in violation of 18 USC § 1962 (d), racketeering in violation of 18 USC § 1962 (c), and conspiracy to defraud the United States and the Internal Revenue Service in violation of 18 USC § 371 and 26 USC §§ 7201 and 7206 (1). At his plea allocution, respondent admitted that from 1993 through September 2000, he knowingly engaged in a racketeering enterprise involving the representation of numerous Chinese illegal aliens through the preparation and submission of false applications for political asylum which were submitted to the Immigration and Naturalization Service by his law firm, the Porges Law Firm. Respondent directed the firm's preparation and filing of these applications, which contained false accounts of persecution as predicates for the claims for asylum. Respondent has admitted his knowing participation and that he financially benefitted personally from

these activities. Respondent also admitted his participation in a scheme with his wife from 1996 to 2000 by which he understated the income derived from his law practice and other economic activities, thus defrauding the United States and Internal Revenue Service, and that he filed false returns. Additionally, he admitted having paid compensation in cash to many employees so as to avoid paying FICA, Social Security and Medicaid taxes, and to avoid filing proper employee wage earnings forms. Respondent admitted that through these various means he evaded taxes exceeding $950,000.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the basis that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The federal felony regarding respondent's participation in a racketeering enterprise is essentially similar to the New York felony of enterprise corruption under Penal Law § 460.20 (*Matter of Christiansen*, 220 AD2d 98, 99). His federal conviction relating to his filing of false applications to the Immigration and Naturalization Service constitutes the crime of offering a false instrument for filing in the first degree, a class E felony under New York law (Penal Law § 175.35; *Christiansen, supra*). His federal conviction relating to tax evasion is substantially similar to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]; *Matter of Vagionis*, 241 AD2d 276). In view of these convictions, respondent ceased being an attorney in New York upon the entry of his plea of guilty (Judiciary Law § 90 [4] [a], [e]). He has not yet been sentenced, but such does not preclude application of our automatic disbarment rule, which operates upon the entry of the plea (*Matter of Kourland*, 172 AD2d 77, 79; *Matter of David*, 145 AD2d 150).

Accordingly, the Disciplinary Committee's petition should be granted, and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), (b).

WILLIAMS, P.J., TOM, SAXE, FRIEDMAN and MARLOW, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 11, 2002.