[786 NYS2d 140]

In the Matter of THOMAS ZICHETTELLO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 18, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Richard M. Maltz, PLLC* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Thomas Zichettello was admitted to the practice of law in the State of New York by the Second Judicial Department on January 30, 1991. At all times pertinent to this proceeding he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent was convicted in 1997 but failed to inform this Court or the Committee, as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f). He states that he was directed by counsel not to report his conviction because it would be reported automatically to the appropriate authorities, and that he "instituted a self-imposed disbarment" and ceased practicing law. According to respondent, it was while he was preparing a petition seeking reinstatement, seven years later, that the Committee learned of his felony conviction and filed the instant petition seeking to have him stricken from the roll of attorneys.

Respondent does not oppose the Committee's petition to have him disbarred. He cross-moves to have his disbarment applied nunc pro tunc to 1997 and, if his cross motion is granted, to have the motion deemed an application for reinstatement and to be reinstated immediately, pursuant to 22 NYCRR 603.14, or, in the alternative, to have the Committee hold a hearing and report to this Court on his fitness to practice law, pursuant to 22 NYCRR 605.13 *et seq.*

Respondent pleaded guilty in the United States District Court for the Southern District of New York, on January 22, 1997, to racketeering in violation of 18 USC § 1962 (c) and attempt to evade or defeat tax in violation of 26 USC § 7201. Racketeering in violation of 18 USC § 1962 (c) is a federal felony that is "essentially similar" to the New York felony of enterprise corruption under Penal Law § 460.20 and therefore constitutes a felony under Judiciary Law § 90 (4) (e) (*see Matter of Porges*, 297 AD2d 1, 3 [2002]). Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted.

Respondent's cross motion for disbarment nunc pro tunc to 1997 should be denied. Respondent's argument is that his case is a particularly compelling one for nunc pro tunc relief because he "scrupulously complied with what he believed was a disbarment order," and incontrovertibly "was *de facto* disbarred." He asks us to grant the requested relief in the interest of "correcting an injustice caused by poor legal advice and in recognition of [his] good faith compliance with his *de facto* 'disbarment.' " He notes that without such relief he will have been removed from the practice of law for 14 years before becoming eligible for reinstatement (*see* Judiciary Law § 90 [5] [b] ["If such removal or debarment was based upon conviction for a felony as defined in subdivision four of this section, the appellate division shall have power to vacate or modify such order or debarment after a period of seven years provided that such person has not been convicted of a crime during such seven-year period"]).

If, however, respondent is granted the relief he seeks, he will have succeeded in avoiding compliance with statutory provisions and rules to which all other disbarred attorneys have been subject and of which, moreover, all attorneys are charged with knowledge.

Judiciary Law § 90 (4) provides:

"a. Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.

"b. Whenever any attorney and counsellor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys.

"c. Whenever an attorney shall be convicted of a crime in a court of record of the United States or of any state, territory or district, including this state, whether by a plea of guilty or nolo contendere or from a verdict after trial or otherwise, the attorney shall file, within thirty days thereafter, with the appellate division of the supreme court, the record of such conviction.

"The failure of the attorney to so file shall be deemed professional misconduct provided, however, that the appellate division may upon application of the attorney, grant an extension upon good cause shown."

22 NYCRR 603.12 (f) provides: "Any attorney to whom these rules shall apply pursuant to section 603.1 of this Part who has been convicted of a crime shall promptly advise the Departmental Disciplinary Committee of that fact."

If, as the Code of Professional Responsibility counsels, lawyers are to maintain their unique ability to play a critical role in sustaining the rule of law on which depends the continued existence of our free and democratic society, the legal profession must earn the respect and confidence of society (*see Matter of Rowe*, 80 NY2d 336, 340 [1992], *cert denied sub nom. Rowe v Joint Bar Assn. Grievance Comm. for Second & Eleventh Jud. Dists.*, 508 US 928 [1993]). To this end, courts are charged with the responsibility of insuring that only those fit to practice law are admitted to the bar (*id.*; *see* Judiciary Law § 90 [4] [a], *supra* [an attorney who is convicted of a felony shall "cease to be an attorney and counsellor-at-law, or to be competent to practice law as such"]). Thus, disciplinary proceedings are primarily concerned with "the protection of the public in its reliance on the integrity and responsibility of the legal profession" (*id.* at 341). By his failure to report his federal conviction, respondent effectively shielded himself from the discipline of this Court, which, as much as the conduct of an attorney subject thereto, guides the public in its perception of the bar (*see id.*).

Respondent argues that his request for a nunc pro tunc suspension is not unprecedented. But none of the cases he cites involved disbarment. None of them involved felony convictions; in some, there was professional misconduct only and no criminal conviction at all. None of the cases addressed any issue of how or when the Committee or the Court learned of a felony or other criminal conviction; in only one case was reference made to the reporting issue, and there it was noted that the attorney promptly advised the Committee, in conformance with 22 NYCRR 603.3 (d), of a disciplinary proceeding against him in federal court (*see Matter of Singer*, 302 AD2d 179, 180-181, 182 [2002]). Most particularly, contrary to respondent's representation, none of the cases predicated even a retroactive suspension, let alone a disbarment, upon an attorney's "voluntary withdrawal from the practice of law." The relief respondent requests

is indeed unprecedented and we decline to establish a precedent by granting it.

Accordingly, the Committee's petition for an order striking respondent's name from the roll of attorneys should be granted and respondent's name stricken from the roll of attorneys effective February 4, 2004, the date of the petition. Respondent's cross motion for disbarment nunc pro tunc should be denied.

NARDELLI, J.P., TOM, SAXE, ELLERIN and LERNER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective February 4, 2004.