[837 NYS2d 874]

In the Matter of THOMAS J. LEE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond J. Vallejo* of counsel), for petitioner.

*Thomas J. Lee,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas J. Lee was admitted to the practice of law in the State of New York by the First Judicial Department on March 1, 1993. At all times pertinent to this proceeding respondent maintained his principal place of business in the First Judicial Department.

On August 10, 2005, respondent was convicted, upon his guilty plea, in the United States District Court for the Eastern District of New York of one count of racketeering in violation of 18 USC § 1962 (c). Respondent has not yet been sentenced on his plea.

The Departmental Disciplinary Committee (the Committee) now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent admits that he was convicted of one count of racketeering in violation of 18 USC § 1962 (c) and consents to the granting of the Committee's petition.

Racketeering in violation of 18 USC § 1962 (c) is a federal felony that is "essentially similar" to the New York felony of enterprise corruption under Penal Law § 460.20 and therefore constitutes a felony under Judiciary Law § 90 (4) (e) (*Matter of Zichettello,* 12 AD3d 128, 129 [2004]; *see Matter of Porges,* 297 AD2d 1 [2002]). In view of this conviction, respondent ceased being an attorney in New York upon the entry of his plea of guilty (*see* Judiciary Law § 90 [4] [a], [e]). That he has not yet been sentenced does not preclude application of our automatic disbarment rule, which operates upon the entry of the plea (*Matter of Kourland,* 172 AD2d 77 [1991]; *Matter of David,* 145 AD2d 150 [1989]; *see Matter of Mann,* 38 AD3d 87 [2006]).

Accordingly, the Disciplinary Committee's petition should be granted, and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 10, 2005.

MARLOW, J.P., WILLIAMS, GONZALEZ, CATTERSON and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 10, 2005.