[854 NYS2d 57]

In the Matter of STEVEN G. SCHULMAN (Admitted as STEVEN GARY SCHULMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 20, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Howard Benjamin* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven G. Schulman was admitted to the practice of law in the State of New York on February 17, 1981, by the Third Department, under the name Steven Gary Schulman. At all relevant times, respondent was a named partner with the law firm formerly known as Milberg Weiss Bershad & Schulman LLP (Milberg Weiss), located within the First Judicial Department.

The Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground that he became automatically disbarred as a result of his conviction of a federal felony that would also constitute a felony under New York law (Judiciary Law § 90 [4] [e]).

On October 9, 2007, respondent was convicted, upon his guilty plea, in the United States District Court for the Central District of California of racketeering conspiracy in violation of 18 USC § 1962 (d), a felony under the United States Code. As part of his plea agreement respondent agreed to cooperate with the government's ongoing investigation, forfeit $1.85 million (amounting to proceeds earned from the conspiracy), pay a fine in the amount of $250,000 and accept a prison sentence (anticipated to be 27 to 33 months). Respondent's sentencing is scheduled for June 2008.

According to the second superceding information, Milberg Weiss constituted an enterprise specializing in representing plaintiffs in class actions and shareholder derivative actions. Respondent admitted in his plea allocution and plea agreement, read in conjunction with the information, that from approximately 2003 through at least 2005, while respondent was a partner at Milberg Weiss, there was an agreement among two or more other Milberg Weiss attorneys to conduct Milberg Weiss's affairs through a "pattern of racketeering activity." This involved giving secret, illegal kickbacks to individual class action plaintiffs who were essentially on call to act as lead plaintiffs. This arrangement allowed Milberg Weiss to file lawsuits faster and to gain the position as lead counsel to receive higher fees.

Specifically, respondent admitted that he participated in negotiating with Howard J. Vogel the amounts Milberg Weiss

paid to Vogel pursuant to this secret payment arrangement. Respondent also admitted working with Vogel to prepare and file numerous class actions in which Vogel, his relatives and entities Vogel controlled served as named plaintiffs for Milberg Weiss. Respondent also caused Milberg Weiss to issue checks to others, generally law firms, serving as intermediaries for Vogel with the understanding and intent that these intermediaries would distribute these funds to Vogel. Respondent also knew that transmittal letters falsely described these checks as the "share" of attorneys' fees Milberg Weiss owed for the intermediaries' work on the class actions.

Additionally, respondent and others knew they had to conceal their payment arrangement with Vogel from the federal and state courts presiding over the class actions. Otherwise, they risked disqualification because of the apparent conflict of interest between Vogel and the absent class members Vogel purported to represent. Respondent admitted that he knew the secret arrangement was improper.

In order to conceal this illegal arrangement further, respondent knowingly caused to be submitted to the court certifications Vogel signed under penalty of perjury in which Vogel certified that he would "not accept any payment for serving as a representative party beyond my pro rata share of any recovery." These certifications were false because they misrepresented the true nature of Milberg Weiss's payment arrangement to Vogel.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would also constitute a felony under the New York Penal Law (*Matter of Sorin*, 47 AD3d 1 [2007]). The federal felony need not be a "mirror image" of the New York felony but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Evidentiary materials such as admissions under oath in the respondent's plea allocution or other testimony may demonstrate essential similarity (*Matter of Mercado*, 1 AD3d 54, 55 [2003]), that the court may read in conjunction with the indictment or information (*Matter of Amsterdam*, 26 AD3d 94, 96 [2005]).

18 USC § 1962 (d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Subsection (c) to which subsection (d) refers prohibits participation in the conduct of an "enterprise's affairs through a pattern of racketeering activity."

A person is guilty of enterprise corruption in violation of New York Penal Law § 460.20 when, "having knowledge of the exis-

tence of a criminal enterprise and the nature of its activities, and being employed by or associated with such enterprise, he . . . intentionally conducts or participates in the affairs of an enterprise by participating in a pattern of criminal activity."

This Court has previously found essential similarity between the New York State felony of enterprise corruption in violation of Penal Law § 460.20 and the federal felony of racketeering enterprise under 18 USC § 1962 (c) (*see Matter of Lee*, 43 AD3d 86 [2007]; *Matter of Zichettello*, 12 AD3d 128 [2004]; *Matter of Porges*, 297 AD2d 1 [2002]). In this case, however, respondent's conviction was for racketeering conspiracy in violation of subsection (d) of 18 USC § 1962.

Respondent contends in his opposition papers that there is no essential similarity between 18 USC § 1962 (d) and any New York felony. However, subsection (d) is not a stand-alone provision as it incorporates other subsections including subsection (c). Clearly respondent's admissions come under subsection (c) because, inter alia, respondent admitted that he engaged in a "pattern of racketeering activity."

Respondent also claims that his actions are not essentially similar because Penal Law § 460.20 (2) (a) requires that two of his acts be felonies other than conspiracy. Respondent argues that because he was charged solely with one conspiracy count and no other felonies, he has not engaged in conduct essentially similar to enterprise corruption under the Penal Law.

Respondent's argument places form over substance. Respondent has admitted not only that he engaged in a "pattern of racketeering activity" but has admitted that on at least three separate occasions he knowingly participated in the filing of falsified documents to the courts. Thus, the activities to which respondent admitted are essentially similar to the New York felony of enterprise corruption under Penal Law § 460.20. Therefore, automatic disbarment under Judiciary Law § 90 (4) (a) is appropriate.

In addition, respondent's admissions that he knowingly participated in the filing of false documents (certifications) with federal courts in class actions in order to conceal the secret payment arrangement with Vogel satisfy the elements of the New York felony of offering a false instrument for filing in the first degree. This New York felony occurs when:

> "[a] person. . . knowing that a written instrument
> contains a false statement or false information, and

with intent to defraud the state or any political subdivision . . . he offers or presents it to a public office . . . with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office" (Penal Law § 175.35; *see Matter of Amsterdam, supra* [attorney's conviction of conspiracy to defraud the United States was essentially similar to offering a false instrument for filing in the first degree]; *Matter of Fier*, 276 AD2d 17 [2000] [attorney's conviction of making false statements essentially similar to offering a false instrument for filing in the first degree]).

Thus, respondent's admissions of criminal conduct also satisfy the elements of offering a false instrument for filing in the first degree. That respondent filed the false document with a court, rather than with the category of agencies or offices the statute refers to is inconsequential (*see Matter of Amsterdam*, 26 AD3d 94 [2005] [false applications for appointment as assigned counsel filed in federal court sufficient to satisfy Penal Law § 175.35]).

Finally, that respondent has not yet been sentenced does not bar petitioner's relief because it is well settled that it is the plea or verdict that triggers disbarment (*see Matter of Lee, supra; Matter of Ferrandino*, 18 AD3d 116, 117 [2005]).

Accordingly, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to October 9, 2007.

LIPPMAN, P.J., TOM, NARDELLI, CATTERSON and MOSKOWITZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 9, 2007.