[910 NYS2d 643]

In the Matter of BRIEN P. SANTARLAS (Admitted as BRIEN PAUL SANTARLAS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Stahl Farella, LLC* (*Robert G. Stahl* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Brien P. Santarlas was admitted to the practice of law in the State of New York by the First Judicial Department on October 30, 2003, as Brien Paul Santarlas. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

On December 10, 2009, in the United States District Court for the Southern District of New York, respondent pleaded guilty to conspiracy to commit securities fraud in violation of 18 USC § 371 and securities fraud in violation of 15 USC § 78j (b) and § 78ff, both federal felonies. Respondent has not yet been sentenced.

During his plea allocution respondent admitted that between approximately June 2007 and May 2008, while he was employed at a Manhattan law firm, he and another firm attorney accessed confidential information about mergers and acquisitions, unbeknownst to other attorneys, and then knowingly and voluntarily passed the confidential information to another attorney, not employed by the same firm, who subsequently provided the confidential information to a trader. The confidential information was then used by the trader to make stock purchases in publicly traded companies. Respondent was paid in cash for the information.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Automatic disbarment under § 90 (4) (b) is appropriate because respondent's federal convictions for securities fraud are "essentially similar" to the New York felony under the New York State insider trading statute, General Business Law § 352-c (5) and (6) (*see Matter of Gansman*, 73 AD3d 1 [2010]; *Matter of Grossman*, 135 AD2d 1 [1988] [automatic disbarment for insider trading]; *Matter of Reich*, 128 AD2d 329 [1987]). Even though respondent has not yet been sentenced, the timing of this application is appropriate because the motion to strike is properly based upon a guilty plea or verdict (*Matter of Silberman*, 31 AD3d 21 [2006]).

Accordingly, the petition is granted, as respondent ceased to be an attorney authorized to practice law in New York State upon his federal felony convictions, and respondent's name is

stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 10, 2009.

DeGrasse, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 10, 2009.