[923 NYS2d 73]

In the Matter of ARTHUR J. CUTILLO (Admitted as ARTHUR JOSEPH CUTILLO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 12, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Driscoll & Redlich* (*Catherine L. Redlich* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arthur J. Cutillo was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 2006 as Arthur Joseph Cutillo. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

On January 14, 2011, in the United States District Court for the Southern District of New York, respondent pleaded guilty to conspiracy to commit securities fraud in violation of 18 USC § 371, and securities fraud in violation of 15 USC § 78j (b) and § 78ff, both federal felonies. Respondent is scheduled to be sentenced on April 27, 2011.

During his plea allocution respondent admitted that between in or about 2007 and in or about 2008, while employed at a Manhattan law firm, he and another firm attorney, Brien Santarlas, accessed material, nonpublic information concerning client transactions and gave that information to an individual not employed by the same firm, who subsequently provided the confidential information on to a securities trader. The confidential information was then used by the trader to make stock purchases in publicly traded companies. Respondent received a

total of approximately $32,500 for the information. Respondent admitted further that he knew at the time that it was illegal to trade securities on the basis of insider information. By order entered November 16, 2010 (*Matter of Santarlas*, 80 AD3d 20 [2010]), this Court disbarred Brien Santarlas and struck his name from the rolls based upon his plea of guilty to the same federal felonies as respondent stands convicted herein, namely, conspiracy to commit securities fraud and securities fraud.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Automatic disbarment under section 90 (4) (b) is appropriate because respondent's federal convictions for securities fraud is "essentially similar" to the New York felony under the New York State insider trading statute, General Business Law § 352-c (5) and (6) (*see Santarlas, supra; Matter of Gansman*, 73 AD3d 1 [2010]; *Matter of Grossman*, 135 AD2d 1 [1988] [automatic disbarment for insider trading]; *Matter of Reich*, 128 AD2d 329 [1987]). Even though respondent has not yet been sentenced, the timing of this application is appropriate because the motion to strike is properly based upon a guilty plea or verdict (*Matter of Silberman*, 31 AD3d 21 [2006]).

Although respondent's counsel was served with a copy of the instant petition to strike, no papers in response have been received.

Accordingly, the petition is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 14, 2011.

TOM, J.P., MAZZARELLI, ACOSTA, RENWICK and FREEDMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 14, 2011.