[954 NYS2d 18]

In the Matter of Earl S. David (Admitted as Earl Seth David), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 8, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Moskowitz & Book, LLP*, New York City (*Avraham C. Moskowitz*), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Earl S. David was admitted to the practice of law in the State of New York by the Second Judicial Department on December 14, 1988 as Earl Seth David. Respondent's last registered business address was in New Jersey. However, for a significant portion of the period at issue, 1996 to 2009, respondent maintained an office for the practice of law within the First Department.

In an order dated January 29, 2004, this Court suspended respondent for a period of 15 months for his participation in a scheme involving securities fraud, bribery, and money laundering. Respondent was granted immunity from criminal prosecution after agreeing to cooperate with federal authorities.

In October 2011, respondent, along with 11 other codefendants, was charged in the United States District Court for the Southern District of New York with conspiracy to commit immigration fraud through the making of material false statements in violation of 18 USC §§ 371, 1001 and 1546 (a); making false statements to immigration authorities in violation of 18 USC § 1546 (a) and (b) (2); conspiracy to commit mail and wire fraud in violation of 18 USC §§ 1341, 1343 and 1349; and conspiracy to commit money laundering in violation of 18 USC § 1956 (a) (1) (B) (i) and (h).

Specifically, from 1996 through 2009, respondent organized an immigration fraud scheme by filing fraudulent applications and petitions with the United States Department of Labor and the U.S. Citizenship and Immigration Services for labor certifications and for adjustment of legal status based on, among other things, phony claims that employers had sponsored the individuals for employment in the United States. Respondent operated this scheme out of his Manhattan law office.

On April 2, 2012, pursuant to a plea agreement, respondent pleaded guilty to conspiracy to commit immigration fraud and conspiracy to commit mail and wire fraud. Respondent has not yet been sentenced.

During his plea allocution respondent admitted that from 1996 to 2009 he conspired to file more than 100 immigration documents, that he knew were false, with the Department of Labor. He further admitted that he knew it was against the law

to do so. Respondent also stipulated that under federal sentencing guidelines he could be sentenced to a period of incarceration ranging from 78 to 97 months and that he was subject to a court imposed fine ranging from $12,500 to $125,000. Respondent further agreed to forfeit $2.5 million in assets.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Automatic disbarment under § 90 (4) (b) is appropriate because respondent's federal conviction for conspiracy to commit immigration fraud through the making of material false statements is "essentially similar" to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*Matter of Porges*, 297 AD2d 1, 3 [1st Dept 2002] [attorney convicted of, among other things, conspiracy to defraud the United States (18 USC § 371) was disbarred since his "federal conviction relating to his filing of false applications to the (INS) constitutes the crime of offering a false instrument for filing in the first degree, a class E felony under New York law"]; *Matter of Amsterdam*, 26 AD3d 94 [1st Dept 2005] [attorney convicted of conspiracy to defraud the United States by making false statement (18 USC § 371) was disbarred based upon plea admissions that established the elements of offering a false instrument for filing in the first degree]). Even though respondent has not yet been sentenced, the timing of this application is appropriate because the motion to strike is properly based upon a guilty plea or verdict (Judiciary Law § 90 [4] [a]; *Matter of Cutillo*, 86 AD3d 1 [1st Dept 2011]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 2, 2012.

ACOSTA, J.P., RENWICK, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 2, 2012.