OPINION OF THE COURT
Per Curiam.
Respondent Matthew H. Kluger was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1996, under the name Matthew Harold Kluger. At all times relevant to these proceedings, he maintained his principal place of business within the First Judicial Department.
The Departmental Disciplinary Committee now petitions this Court for an order striking respondent’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he was convicted of a crime which would be a felony if committed in New York. Respondent has not submitted a response to this motion.
For purposes of the application of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of any attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term “felony” as “any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state.” The out-of-jurisdiction felony must be “essentially similar,” but not necessarily identical to, an offense classified as a felony in New York (see Matter of Margiotta, 60 NY2d 147 [1983]).
On December 14, 2011, respondent pleaded guilty, in the United States District Court for the District of New Jersey, to conspiracy to commit securities fraud (18 USC § 371), securities fraud (15 USC §§ 78j [b]; 78ff), conspiracy to commit money laundering (18 USC § 1956 [h]) and obstruction of justice (18 USC § 1512 [c] [2]). Specifically, beginning in 1994 and ending in 2011 he participated in an insider trading scheme in which he stole confidential nonpublic information related to approximately 30 corporate mergers and acquisition transactions being handled by the law firms that employed him, and then provided details of pending transactions to a cohort who passed the information to a broker who purchased shares based on the inside information. In addition, respondent admitted at his plea allocution that he destroyed a computer and an iPhone upon learning that authorities had searched the home of one of his cohorts and that he himself was under criminal investigation. *170 He was sentenced to 60 months’ incarceration for conspiracy to commit securities fraud and 144 months for each of the remaining counts, to be served concurrently.
These federal felony convictions are essentially similar to New York’s felony of insider trading under General Business Law § 352-c (5) and (6) (see Matter of Cutillo, 86 AD3d 1 [1st Dept 2011]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). Because respondent’s criminal offenses would be felonies if charged under New York law, they are a proper predicate for automatic disbarment. Furthermore, respondent’s conviction for obstruction of justice under 18 USC § 1512 (c) (2), as described in his plea allocution, is a proper predicate for automatic disbarment, being essentially similar to the New York felony of tampering with physical evidence (see Matter of Coren, 76 AD3d 285 [1st Dept 2010]).
Accordingly, as respondent ceased to be an attorney authorized to practice law in this State upon his federal felony conviction, petitioner’s motion should be granted and respondent’s name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to December 14, 2011.
Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 14, 2011.