186

[971 NYS2d 47]

In the Matter of JOHN C. LIN (Admitted as JOHN CHIA-CHANG LIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 10, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Francisco E. Celedonio*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John C. Lin was admitted to the practice of law in the State of New York by the Second Judicial Department on December 8, 1993, under the name John Chia-Chang Lin. At all relevant times, he has maintained his principal place of business within the First Judicial Department.

On April 12, 2013, respondent pleaded guilty in the United States District Court for the Southern District of New York to the sole count of an information that charged conspiracy to commit immigration fraud in violation of 18 USC §§ 371 and 1546 (a), a felony. Respondent is scheduled to be sentenced in August 2013.

The Departmental Disciplinary Committee now petitions for an order under Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys based upon his federal conviction, which the Committee contends is analogous to the New York felony conviction under Penal Law § 175.35 of offering a false instrument for filing in the first degree. Respondent has not submitted a response.

Disbarment under Judiciary Law § 90 (4) (b) is appropriate because respondent's federal crime is analogous to a violation of Penal Law § 175.35. A federal felony does not have to be a "mirror image" of a New York felony to be analogous, but the federal crime must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *see Matter of Shubov*, 25 AD3d 33 [1st Dept 2005]). If a comparison between the language of the applicable state and federal statutes is inconclusive, as is the case here, then similarity can be established by reviewing the defendant's sworn admissions during a plea allocution in conjunction with the indictment or information (*see Matter of Sorin*, 47 AD3d 1 [1st Dept 2007]; *Matter of Amsterdam*, 26 AD3d 94, 96 [1st Dept 2005]).

Here, respondent admitted during his plea allocution that, from 2006 to 2012, he knowingly conspired with others to submit immigration applications containing false information to gain benefits from the federal government. Respondent's submission of immigration documents containing false information to federal agencies corresponds to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35), and therefore is a proper predicate for automatic

disbarment under Judiciary Law § 90 (4) (b) and (e) (*see Matter of Philwin*, 108 AD3d 129 [1st Dept 2013]; *Matter of David*, 102 AD3d 23 [1st Dept 2012]; *Matter of Diaz*, 98 AD3d 158 [1st Dept 2012]).

Although respondent has not been sentenced yet, this application is timely because "the date of plea or verdict is the date of conviction that triggers disbarment" (*Matter of Christiansen*, 220 AD2d 98, 99 [1st Dept 1996]; *see also Matter of Cutillo*, 86 AD3d 1 [1st Dept 2011]).

Accordingly, the Committee's petition is granted and respondent's name is hereby stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to April 12, 2013.

RENWICK, J.P., DEGRASSE, FREEDMAN, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 12, 2013.