Matter of Etkind (2020 NY Slip Op 02896)





Matter of Etkind


2020 NY Slip Op 02896


Decided on May 14, 2020


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present - Hon. David Friedman, Justice Presiding,
 Dianne T. Renwick
 Sallie Manzanet-Daniels
 Anil C. Singh
 Lizbeth González, Justices.


M-8653

[*1]In the Matter of Steven M. Etkind, (admitted as Steven Mark Etkind) an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven M. Etkind, (OCA Atty. Reg. No. 2092377), Respondent.



Disciplinary proceedings instituted by the Attorney
Grievance Committee for the First Judicial Department. Respondent, Steven M. Etkind, as Steven Mark Etkind, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 25, 1987.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Steven M. Etkind was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1987 under the name Steven Mark Etkind. Respondent has maintained a registered address within the First Judicial Department. On September 6, 2018, upon his guilty plea, respondent was convicted in the United States District Court for the Southern District of New York, of conspiracy to defraud the United States in violation of 18 USC § 371, and tax evasion in violation of 26 USC § 7201, both felonies. On January 18, 2019, respondent was sentenced to 37 months imprisonment, followed by three years of supervised release, and ordered to pay $1.2 million in restitution to the Internal Revenue Service. 
 Respondent's conviction stemmed from his participation in a complex tax evasion scheme whereby he embezzled over $3 million from a client's estate. These ill-gotten gains were used to purchase a Southampton mansion and hire an interior decorator. In addition, he filed false tax returns and made misrepresentations and presented falsified documents to an IRS auditor.
 The Attorney Grievance Committee (AGC) for the First Judicial Department seeks an order disbarring respondent by operation of law, effective September 6, 2018, and striking his name from the roll of attorneys pursuant to Judicial Law § 90(4)(a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR)1240.12(c)(1), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred; or, in the alternative, determining that the crimes of which Mr. Etkind has been convicted are "serious crimes" as defined by Judiciary Law § 90(4)(d); immediately suspending him from the practice of law and directing respondent to show cause before a referee why a final order of censure, suspension or disbarment should not be made. 
 Pursuant to Judiciary Law § 90(6), respondent was served as directed by this Court, at the federal correctional facility where he is currently incarcerated. He has not submitted a response.
 For purposes of applying Judiciary Law § 90(4)(a), which authorizes automatic disbarment of an attorney convicted of a felony, Judiciary Law § 90(4)(e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York Law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Here, respondent's federal felony convictions under 18 USC § 371 and 26 USC § 7201 are "essentially similar" to New York felony convictions for offering a false instrument for filing in the first degree (Penal Law § 175.35[1]) and scheme to defraud in the first degree (Penal Law § 190.65[1][b]), based on respondent's plea admissions read in conjunction with the two counts of the indictment to which he pled guilty (see Matter of Doonan, 157 AD3d 44, 47 [1st Dept 2017]; Matter of Porges, 297 AD2d 1 [1st Dept 2002]; Matter of Vagionis, 241 AD2d 276 [1st Dept 1998]).
Accordingly, the Attorney Grievance Committee's motion should be granted striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and his disbarment effective nunc pro tunc to September 6, 2018.
All concur.
Order filed. [May 14, 2020]
The Committee's motion is granted to the extent that respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to September 6, 2018.